Filed 12/11/23  P. v. Platz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANTHONY PLATZ,<br><br>    Defendant and Appellant. | C097282<br><br>(Super. Ct. No. 09F01520) |

Defendant Anthony Platz appeals from the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.6.[1]  He argues the court erred in concluding that defendant was ineligible for relief based on the factual basis stipulated to

---

[1]    Undesignated statutory references are to the Penal Code.  Defendant filed his resentencing petition under former section 1170.95.  Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6, with no relevant change.  (Stats. 2022, ch. 58, § 10.)  For ease of exposition, we will cite to the current section 1172.6 throughout this opinion.

at his plea hearing.  We will affirm the trial court's order denying the petition for resentencing.

BACKGROUND

In 2010, defendant pleaded guilty to attempted murder (§§ 664, 187, subd. (a)) without premeditation and admitted that he personally discharged a firearm (§ 12022.53, subd. (c)) and had a prior strike conviction (§§ 667, 1170.12).  At defendant's plea hearing, the prosecution offered the following factual basis:  "On or about February 26th, 2009, in the County of Sacramento, [C.D.] was working at a recycling center.  She saw Mr. Platz and observed him, believed to look suspicious, so she began walking to her car. [¶]  Mr. Platz followed her.  She started to run, and he chased her.  She fell.  Mr. Platz approached her, stood over her, [and] demanded money.  She said she didn't have any, and at that point he shot her three times with a .22 caliber handgun, hitting her in the arm—the right arm, the left land [*sic*] and the left calf, and he did so with the intent to kill."[2]  Defense counsel stipulated to the articulated factual basis for the plea.  The trial court sentenced defendant to 38 years imprisonment.

At the same plea hearing, codefendant Christina Marie Duette pleaded no contest to being an accessory after the fact (§ 32).  Duette's stipulated factual basis stated:  "On or about February 26th, 2009, in the County of Sacramento, Anthony Platz committed an attempted robbery and attempted murder.  The defendant, Ms. Duette, knew that he committed those felonies and aided Mr. Platz by picking him up as law enforcement descended upon that area and took him to a safe place.  When she did this she intended that Mr. Platz avoid arrest."

In 2022, defendant petitioned for resentencing pursuant to section 1172.6.  The trial court denied defendant's petition at the prima facie stage, explaining in a written

---

**2**      To protect her privacy, we refer to the victim by her initials.  (Cal. Rules of Court, rule 8.90(b)(4).)

decision that defendant was ineligible for relief as a matter of law because "he was the sole shooter in the attempted murder" and "his plea set forth that he committed the attempted murder with express malice."

Defendant timely appealed.

## DISCUSSION

As relevant here, section 1172.6 permits an individual convicted of attempted murder under the natural and probable consequences doctrine to be resentenced. (§ 1172.6, subd. (a).)  The petitioner must make a prima facie showing that the petitioner is entitled to relief.  (§ 1172.6, subd. (c).)  The California Supreme Court has explained that "the prima facie inquiry under [section 1172.6,] subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)  At this stage, the trial court should also not engage in factfinding involving the weighing of evidence or the exercise of discretion.  (*Id*. at p. 972.)  " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Id*. at p. 971.)

Defendant effectively concedes that, if the trial court properly considered the stipulated factual basis, he is ineligible for relief under section 1172.6.  But defendant insists that the "trial court should not have relied on the factual basis to summarily deny the petition," in part because defendant did not personally articulate the factual basis stipulated to by his lawyer.  We disagree.  Statements and stipulations made at a plea hearing are part of the record of conviction.  (See *People v. Roberts* (2011)

3

195 Cal.App.4th 1106, 1120; *People v. Romero*, 80 Cal.App.5th 145, 152-153.) As such, the trial court may rule against defendant based on the stipulated factual basis, and doing so was not an error. (See *People v. Lewis, supra*, 11 Cal.5th at p. 971 [a court may deny a petition at the prima facie stage based on the record of conviction].) That the factual basis was stipulated to by defense counsel and not personally by defendant does not alter this analysis. Defendant was present at the plea hearing and entered his guilty plea immediately after the recitation of what the prosecutor and defense counsel announced was the agreed-upon factual basis for the plea.

*People v. Rivera* (2021) 62 Cal.App.5th 217, upon which defendant relies, is distinguishable. In that case, the defendant had pleaded guilty to murder and stipulated to a grand jury transcript as the factual basis for the plea. (*Id*. at pp. 225-226.) The appellate court concluded that the factual basis was insufficient to find the defendant ineligible for resentencing as a matter of law because the evidence was consistent with guilt under the natural and probable consequences doctrine. (*Id*. at pp. 224, 239.) That is not the case here as the record of conviction establishes that defendant was the direct perpetrator and sole shooter, and personally harbored the intent to kill. Accordingly, the natural and probable consequences doctrine—a theory of *accomplice* liability under which intent is imputed to aiders and abettors in certain circumstances (see *People v. Prettyman* (1996) 14 Cal.4th 248, 260; *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007)—could not apply.

4

## DISPOSITION

The trial court's order denying the petition for resentencing is affirmed.

_____\s\_____,

Krause, J.

We concur:

_____\s\_____,

Robie, Acting P. J.

_____\s\_____,

Mauro, J.

5